UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

TERESA NICOLE BANKS,

        Plaintiff,

   v.

ALFREDO RANGEL, PAROLE OFFICER
(for Gresham district),

        Defendant.

3:12-cv-172-ST

FINDINGS AND
RECOMMENDATIONS

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiff, Teresa Nicole Banks ("Banks"), has submitted an Application to Proceed *In Forma Pauperis* (docket #1). Because Banks indicates that she is not employed and has no income or assets, her application should be granted. However, for the reasons set forth below, the Complaint should be dismissed without prejudice and with leave to file an amended complaint.

## STANDARDS

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FRCP 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*,

1 - FINDINGS AND RECOMMENDATIONS

505 F2d 278, 280 (9th Cir 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction.").

Moreover, a complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (A) the allegation of poverty is untrue; or
> (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 USC § 1915(e)(2); see also *Neitzke v. Williams*, 490 US 319, 324 (1989); *Jackson v. State of Ariz.*, 885 F2d 639, 640 (9th Cir 1989).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 US at 325; *Lopez v. Dep't of Health Servs.*, 939 F2d 881, 882 (9th Cir 1991); *Jackson*, 885 F2d at 640.

A court must liberally construe the allegations of a *pro se* plaintiff and to afford the plaintiff the benefit of any doubt. *Lopez*, 939 F2d at 883. However, under FRCP 8(a)(2), all complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 US 41, 47 (1957). This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S Ct 1937, 1949 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 US 544, 555 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

In order to survive a motion to dismiss under FRCP 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*, quoting *Twombly*, 550 US at 570. When reviewing this

complaint, the court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F3d 1068, 1072 (9th Cir 2005), citing *Cervantes v. United States*, 330 F3d 1186, 1187 (9th Cir 2003).

## **FINDINGS**

Banks alleges that she has recently been released from prison and is currently being supervised by defendant, Alfredo Rangel ("Rangel"), a Multnomah County Probation Officer. In her narrative of the facts, Banks generally complains about Rangel's behavior, including harassing and insulting her without cause about alleged drug trafficking, chastising her for complaining to his supervisor, confiscating her car keys and cellphone, and driving her home in a marked state car. She appears to blame his conduct on stereotyping of her character and racial profiling. As a result, she feels humiliated and fears for her safety. Although she does not specifically state what relief she seeks, she has filed a separate Motion to Remove from "Emergency" Supervision Case (docket # 4) because Rangel is causing her emotional distress.

Several defects in Banks's Complaint require *sua sponte* dismissal.

## I. Subject-Matter Jurisdiction

First, federal courts are courts of limited jurisdiction, and a case is presumed to fall outside a federal court's jurisdiction unless proven otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 US 375, 377 (1994). A district court is empowered to hear only those cases which are within the judicial power conferred by the United States Constitution and those which fall within the area of jurisdiction granted by Congress. *United States v. Jacobo Castillo*, 496 F3d 947, 951 (9th Cir 2007) (*en banc*). Banks has checked both boxes in the form Complaint denoting jurisdiction based on federal question and diversity of citizenship.

Diversity jurisdiction requires that all parties to an action be "citizens of different states" and that the amount in controversy exceed $75,000.00. 28 USC § 1332(a). Banks does not

3 - FINDINGS AND RECOMMENDATIONS

identify the states of citizenship for herself and Rangel and avers only that she is a "U.S. citizen." However, Banks does list her address in Portland, Oregon, and Rangel's address in Gresham, Oregon. Based on these addresses, it appears that both Banks and Rangel are citizens of Oregon. Furthermore, Banks does not seek any damages, let alone the minimum required of $75,000.00. Therefore, no jurisdiction based on diversity of citizenship exists.

With respect to federal question jurisdiction, Banks left blank the space on the form Complaint to insert the basis for invoking federal question jurisdiction and does not allege that Rangel has violated any federal Constitutional, statutory, or treaty right. Since Banks does not allege any claim for violation of any federal law or provision of the United States Constitution, this court has no federal question jurisdiction under 28 USC § 1331.

As a result, this case should be dismissed for lack of subject matter jurisdiction, but leave should be granted to file an amended complaint to allege a basis for this court's jurisdiction. However, if Banks elects to file an amended complaint, then she also must amend to state a viable claim.

## II. Failure to State a Claim

Banks does not allege any particular claim against Rangel, but only complains generally about his conduct of stereotyping, racial profiling and harassment. Construing her allegations liberally, she may be trying to allege some sort of tort claim under Oregon law or perhaps some sort of civil rights claim under the U.S. Constitution. However, both types of claims present obstacles that she must overcome if she files an amended complaint.

First, to the extent that Banks seeks to allege a civil rights claim, she must bring such a claim under 42 USC § 1983. That statute authorizes an injured person to assert a claim for relief against a person who, acting under color of state law, violated the plaintiff's federally protected rights. To state a § 1983 claim, the plaintiff must allege both (1) a deprivation of a federal right

4 - FINDINGS AND RECOMMENDATIONS

and (2) that the person who deprived the plaintiff of that right acted under color of state law. *Anderson v. Warner*, 451 F3d 1063, 1067 (9th Cir 2006). If a § 1983 complaint does not state a constitutional claim, it is subject to dismissal. *Ove v. Gwinn*, 264 F3d 817, 823-24 (9th Cir 2001).

Plaintiffs may enforce a wide range of federal constitutional rights under § 1983 against defendants who acted under color of state law. The Fourteenth Amendment creates numerous rights enforceable under § 1983, namely substantive and procedural due process, the equal protection of the laws, and those rights from the Bill of Rights incorporated by the Due Process Clause of the Fourteenth Amendment. These incorporated rights include rights protected by the First Amendment free speech and religion clauses (the free exercise and establishment clauses), the Fourth Amendment protection against unreasonable searches and seizures, and the Eighth Amendment protection against cruel and unusual punishment. The current allegations in the Complaint, even liberally construed in favor of Banks, do not state a violation of any of these constitutional rights. In any amended complaint, Banks must allege which constitutional right she believes Rangel violated and why.

In addition, not every person can be sued under § 1983. A "person" under § 1983 includes state and local officials sued in their personal capacities, municipal entities, and municipal officials sued in an official capacity, but not states and state entities. If Rangel is employed by the State of Oregon, then he can be sued under § 1983 only in his official capacity for prospective relief, and not for damages. *Will v. Michigan Dep't of State Police*, 491 US 58, 71 n10 (1989). However, if he is a Multnomah County employee, then he can be sued under § 1983. In any amended complaint, Banks must allege by whom Rangel is employed, in what capacity she is suing him, and what relief she seeks.

5 - FINDINGS AND RECOMMENDATIONS

Second, to the extent Banks seeks to allege a tort claim premised upon Oregon common law, she must allege what tort Rangel committed (*e.g.* assault or intentional infliction of emotional distress), facts to support each element of that tort, and what relief she seeks. In addition, she must first comply with the Oregon Tort Claims Act ("OTCA"), ORS 30.260 − 30.300.[1] The OTCA applies to claims against a public body's "officers, employees and agents acting within the scope of their employment or duties[.]" ORS 30.265(1). Under the OTCA, "[n]o action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope of ORS 30.260 to 30.300 shall be maintained unless notice of claim is given as required by this section." ORS 30.275(1). Thus, Banks must give notice of her tort claims within 180 days after the alleged loss or injury. ORS 30.275(2)(b). "The pleading and proof of notice sufficient to satisfy the requirements of ORS 30.275 are a mandatory requirement and a condition precedent to recovery under the" OTCA. *Beaver v. Pelett*, 299 Or 664, 671, 705 P2d 1149, 1152 (1985) (*en banc*) quoting *Urban Renewal Agency of City of Coos Bay v. Lackey*, 275 Or 35, 40, 549 P2d 657, 660 (1976). A complaint that fails to allege that notice was given in accordance with the OTCA is subject to dismissal. *Brinkley v. Oregon Health Sciences Univ.*, 94 Or App 531, 537, 766 P2d 1045, 1049 (1988), *rev. denied*, 307 Or 571, 771 P2d 1021 (1989). Nothing in Banks's Complaint indicates that she has yet complied with the OTCA notice provision.

---

[1] The OTCA does not apply to § 1983 claims. *Rogers v. Saylor*, 306 Or 267, 273, 760 P2d 232, 236 (1988); *see also Vineyard v. Soto*, 2011 WL 3705001 at * 4 (D Or July 21, 2011) (citing *Rogers*), *Findings and Recommendation adopted,* 2011 WL 3704177 (D Or Aug. 22, 2011).

6 - FINDINGS AND RECOMMENDATIONS

## RECOMMENDATIONS

Plaintiff's Application to Proceed *In Forma Pauperis* (docket #1) should be GRANTED. However, for the reasons set forth above, the Complaint should be DISMISSED without prejudice for lack of subject matter jurisdiction. Plaintiff should be given 30 days to file an amended complaint curing the defects described above. If plaintiff fails to timely file an amended complaint, the case should be dismissed with prejudice.

Because the Complaint should be dismissed for lack of subject matter jurisdiction, plaintiff's Motions for Appointment of *Pro Bono* Counsel (docket #3) and to Remove from "Emergency" Supervision Case (docket #4) should be DENIED.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due Tuesday, February 21, 2012. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED February 3, 2012.

                                                s/ Janice M. Stewart
                                                Janice M. Stewart
                                                United States Magistrate Judge